923 F.2d 850
Unpublished Disposition
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
UNITED STATES of America, Plaintiff-Appellee,
v.
Mildred Carpenter WATSON, Defendant-Appellant.
 No. 90-5620.
 United States Court of Appeals, Fourth Circuit.
 Submitted Jan. 7, 1991.
Decided Jan. 29, 1991.
 
 Appeal from the United States District Court for the Eastern District of North Carolina, at Fayetteville. W. Earl Britt, District Judge. (CR-89-30-1)
 Clifford L. Lee, II, Barton & Lee, Fayetteville, N.C., for appellant.
 Margaret Person Currin, United States Attorney, Thomas W. Dworschak, Special Assistant United States Attorney, Raleigh, N.C., for appellee.
 E.D.N.C.
 AFFIRMED.
 Before DONALD RUSSELL, WIDENER and K.K. HALL, Circuit Judges.
 PER CURIAM:
 
 
 1
 Mildred Watson was convicted of larceny of United States property worth less than $100 (18 U.S.C. Sec. 641). She appeals the sentence imposed under the sentencing guidelines, contending that the district court improperly found that the loss exceeded $100 and that her eight-month sentence was cruel and unusual in that she was not given a downward adjustment for acceptance of responsibility. We affirm.
 
 
 2
 Watson worked as a cashier at the Ft. Bragg Officer's Club. She was charged with stealing over $100 from the club on February 12, 1989. On that date she was observed taking money from customers without entering the amounts on the cash register. When arrested, she had $128 in her jacket pocket, including two marked bills given to her by an agent posing as a customer. At trial, she maintained that the money in her pocket (at least, apart from the marked bills) came from other sources. However, on several dates prior to February 12, 1989, she was also observed taking money without entering it on the cash register. The district court determined that the total loss attributable to Watson was over $100. This determination is a factual one, reviewable under the clearly erroneous standard. United States v. Daughtrey, 874 F.2d 213 (4th Cir.1989). The fact that Watson was found not guilty of stealing over $100 does not change the district court's proper finding. See United States v. Isom, 886 F.2d 736 (4th Cir.1989).
 
 
 3
 Watson never admitted guilt or gave any indication that she accepted responsibility for her criminal conduct, even in her statement during the sentencing proceeding. The district court's decision not to award an adjustment for acceptance of responsibility is also a factual determination, United States v. White, 875 F.2d 427 (4th Cir.1989), which is not erroneous.
 
 
 4
 We therefore affirm the judgment of the district court. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the Court and argument would not aid the decisional process.
 
 
 5
 AFFIRMED.